UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**GREENBRIER HOTEL CORPORATION; JAMES C. JUSTICE COMPANIES, INC.; TWIN FIR ESTATES, LLC; WILCOX INDUSTRIES, INC.; JUSTICE LOW SEAM MINING, INC.; PLAYERS CLUB, LLC; JUSTICE FAMILY GROUP, LLC; GREENBRIER MEDICAL INSTITUTE, LLC; GREENBRIER GOLF & TENNIS CLUB CORPORATION; THE GREENBRIER SPORTING CLUB DEVELOPMENT CO., INC.; THE GREENBRIER SPORTING CLUB, INC.; TAMS MANAGEMENT, INC.; BELLWOOD CORPORATION; OAKHURST CLUB, LLC; JAMES C. JUSTICE, II; CATHY L. JUSTICE;** and **JAMES C. JUSTICE, III**,

*Plaintiffs*,

v.

Case No. 05:23-cv-00731

**CARTER BANK & TRUST; CARTER BANKSHARES, INC.; LITZ H. VAN DYKE; PHYLLIS Q. KARAVATAKIS; MICHAEL R. BIRD; KEVIN S. BLOOMFIELD; ROBERT BOLTON; GREGORY W. FELDMANN; JAMES W. HASKINS; JACOB A. LUTZ, III; E. WARREN MATTHEWS; CATHARINE L. MIDKIFF; CURTIS E. STEPHENS;** and **ELIZABETH LESTER WALSH**,

*Defendants*.

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO
<u>PROVISIONALLY SEAL PORTIONS OF THE COMPLAINT</u>**

First and foremost, this action for Defendants' violations of the Bank Holding Act, breaches of contract and fiduciary duty, and for tortious interference with business relations is not

a "judicial proceeding relating to the NDA," Resp. [Doc. 10] 4 n.2, or a "proceeding arising out of or related to the NDA." Supp. Resp. [Doc. 14] 2 & n1. Such a judicial proceeding has existed since April 26, 2023, and it is being prosecuted by Defendant Carter Bank against Plaintiff James C. Justice III in Carter Bank's preferred venue. *See Carter Bank & Trust v. James C. Justice, III*, No. CL23000130-00 (Cir. Ct. Martinsville, Va.). [Doc. 5, Exh. B].*

Rather, Plaintiffs' filing of the redacted Complaint [Doc. 1] adheres to the NDA insofar as it purports to prohibit the use of the parties' "Confidential Information ['CI'] in or in connection with any judicial or non-judicial proceedings." NDA [Doc. 5, Exh. B(A)] ¶ 3. The redacted filing obviates the need for Defendants to pursue any or all of the prescribed remedies, including having the CI "immediately stricken from any pleading, exhibit or other instrument, document, or other paper filed in or in connection with any judicial . . . proceeding." *Id.* at ¶ 8.

The redactions should remain in place unless and until this Court rules that Carter Bank "is required by applicable law [and/or] judicial . . . process . . . to disclose" the CI. *Id.* at ¶ 4. The Court may rule for its present purposes that the NDA is unenforceable on its face as overbroad, violative of due process or of public policy, or — after an opportunity for discovery — procured by economic duress. Alternatively, the Court may rule that NDA is enforceable and proceed with adjudicating Plaintiffs' claims with the appropriate sealing safeguards. In either case, there is no convincing rationale for the Court to defer ruling until after Defendants' anticipated Rule 12

---

\* Because this federal question proceeding does not arise out of or relate to the NDA, the NDA's venue provisions, *see* Supp. Resp. 2 n.1, are irrelevant. Considered together with this Court's manifest jurisdiction over the subject matter and the unquestioned business contacts with Plaintiffs of which Carter Bank and its governing directors have purposely availed themselves in the Southern District of West Virginia, Defendants' prospective dismissal motions premised on the procedural grounds of personal jurisdiction and venue are unlikely to succeed. Nonetheless, Plaintiffs do not oppose Defendants' Motion for Bifurcated Rule 12 Briefing [ECF 12]. *See also* Supp. Resp. 2.

motions are adjudicated, *see* Supp. Resp. 3, particularly if the Court is inclined to proceed with its docket unsealed, as the briefing of the dispositive motions is highly likely to engender additional motions to seal with the concomitant redactions.

Though contending that "[t]he NDA is fully enforceable," Defendants remarkably assert that "no compelling reason for sealing the unredacted Complaint" has been put before the Court, and that "[t]he public certainly has an interest in this dispute." Resp. 4. Defendants' unexpected failure to defend the NDA affords the Court the additional option of ordering the unredacted Complaint placed on the public docket on the ground that Defendants have waived their interest in maintaining the confidentiality of the redacted portions, and are now estopped from contending in this proceeding that Plaintiffs are liable for any CI disclosures.

Contrary to Defendants' suggestions, Resp. 2, 4, Plaintiffs are not asking the Court to render an advisory opinion. The Court wields unquestioned control over the substance and form of its own docket, including — perhaps most importantly — regulating the public's access to court filings. *E.g.*, *Block v. Starbucks Corp.*, No. 1-15-cv-00991, 2018 WL 4352906, at*5 (E.D. Calif. Sept. 11, 2018) (recognizing that "[i]t is well established that district courts have inherent power to control their docket and the discretion to seal documents" (citation and internal quotation marks omitted)). The exercise of that control is always a live issue that the Court may address by motion or *sua sponte*. *See Middlebrooks v. Equifax, Inc.*, No. 1:20-cv-1825, 2023 WL 2876429, at *11 (N.D. Ga. Mar. 14, 2023) (confirming that magistrate judge, "pursuant to his inherent authority to control his docket, could *sua sponte* seal documents" (citations omitted)). In this instance, Plaintiffs have merely identified through their motion the need for the Court to rule, as courts do routinely on motions to seal in other contexts.

DATED:      November 22, 2023

Respectfully submitted,

GREENBRIER HOTEL CORPORATION
JAMES C. JUSTICE COMPANIES, INC.
TWIN FIR ESTATES, LLC
WILCOX INDUSTRIES, INC.
JUSTICE LOW SEAM MINING, INC.
PLAYERS CLUB, LLC
JUSTICE FAMILY GROUP, LLC
GREENBRIER MEDICAL INSTITUTE, LLC
GREENBRIER GOLF & TENNIS CLUB CORPORATION
THE GREENBRIER SPORTING CLUB DEVELOPMENT CO., INC.
THE GREENBRIER SPORTING CLUB, INC.
TAMS MANAGEMENT, INC.
BELLWOOD CORPORATION
OAKHURST CLUB, LLC
JAMES C. JUSTICE, II
CATHY L. JUSTICE
JAMES C. JUSTICE, III

By Counsel:

*/s/ Steven R. Ruby*
Michael W. Carey (WVSB #635)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
David R. Pogue (WVSB #10806)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile:  (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com
**Counsel for Plaintiffs**

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on November 22, 2023, the foregoing *Plaintiffs' Reply in Support of Their Motion to Provisionally Seal Portions of the Complaint* was served electronically through the Court's CM/ECF system, providing notice of the filing to counsel of record.

*/s/ Steven R. Ruby*
Steven R. Ruby (WVSB #10752)
