IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **GREENBRIER HOTEL CORPORATION,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **CARTER BANK & TRUST,** *et al.*, <br><br> **Defendants.** | Civil Action No. 5:23cv00731 |

**CARTER BANK'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION TO PROVISIONALLY SEAL PORTIONS OF THEIR
RESPONSE IN OPPOSITION TO CARTER BANK'S MOTION TO TRANSFER VENUE**

Defendants Carter Bank & Trust and Carter Bankshares, Inc. (together "Carter Bank"), by counsel file this Response to Plaintiffs' Motion to Provisionally Seal Portions of Their Response in Opposition to Carter Bank's Motion to Transfer Venue filed in this matter.

### INTRODUCTION AND BACKGROUND

On November 10, 2023, Plaintiffs filed a redacted Complaint [ECF No. 1] against the Defendants in this Court. Before they even served the Complaint on Carter Bank, or any Defendant for that matter, Plaintiffs filed a Motion to Provisionally Seal Portions of the Complaint (and a Corrected Motion to Seal), *ex parte*. This Court entered an Order on November 14, 2023 [ECF No. 7] directing Plaintiffs to serve the corrected Motion to Seal ("First Motion to Seal") upon opposing counsel no later than November 15, 2023. On November 15, 2023, Carter Bank's counsel accepted service of the First Motion to Seal and the unredacted Complaint. The parties have fully briefed the First Motion to Seal. It remains pending for decision by this Court.

On December 6, 2023, Carter Bank filed its Motion to Transfer Venue to the Western District of Virginia and Memorandum in Support Thereof [ECF Nos. 18 and 23] ("Venue Motion"), together with Exhibits thereto. No part of that motion was filed under seal.

On December 20, 2023, the day Plaintiffs' opposition was due, rather than file an opposition to the Venue Motion or even a redacted version of it, Plaintiffs filed another motion to seal ("Third Motion to Seal"), attaching a brief in opposition to the Venue Motion ("Proposed Opposition") that Plaintiffs propose filing—having only "lodged" it with the Court—subject to sealing certain portions of their Proposed Opposition, a portion of Exhibit 1 and all of Exhibit 7 to the Proposed Opposition. An unredacted version of the Proposed Opposition is attached to the Third Motion to Seal[1] as Exhibit A and a redacted version as Exhibit B. The Third Motion to Seal is identified as ECF No. 25, although of course it is not available to the public.

In other words, Plaintiffs have not actually filed a Response to the Venue Motion to which Carter Bank must reply. Instead, they have merely lodged certain proposed pleadings with the Court pending a ruling on the Third Motion to Seal. As a result, Plaintiffs have not properly opposed the Venue Motion, leaving it unopposed, or at a minimum, preventing Carter Bank from knowing whether or what they will need to reply to until the Court rules on the Third Motion to Seal.

The grounds for the Third Motion to Seal are essentially identical to those set forth in the First Motion to Seal and the Second Motion to Seal – namely, that Plaintiffs are parties to an Amended and Restated Confidentiality and Nondisclosure Agreement dated November 17, 2021

---

[1] Plaintiffs filed yet another motion to seal in connection with their proposed Opposition to Director Defendants' Motion to Dismiss the Complaint Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction ("Second Motion to Seal") identified as ECF No. 24. The Director Defendants are separately responding to that motion.

("NDA"). Plaintiffs fear being sued or otherwise sanctioned should they file information publicly that is protected by the NDA.[2] As Carter Bank pointed out in its Supplemental Response to the First Motion to Seal [ECF 14], Plaintiffs' motions to seal are fundamentally flawed in at least two respects.

First, Plaintiffs seek to have the Court determine the validity of the NDA even though that issue is not raised anywhere in the Complaint or otherwise presented to the Court in a procedurally proper manner. Because Plaintiffs have not put the NDA at issue, the Court has no basis upon which to determine its enforceability and, at best, would be offering an advisory opinion on that issue.[3]

Second, Plaintiffs' motions to seal misconstrue the NDA by seeking to evade its terms and the consequential exposure by sealing them from public disclosure. But the NDA's restriction on "Confidential Information" (as defined in the NDA) does not allow this. To the contrary, the NDA makes clear that "each Party shall be prohibited from using such Confidential Information in or in connection with any judicial or non-judicial proceeding and such Confidential Information shall not be admissible in any judicial or non-judicial proceeding for any purpose" and "a Party shall … have the right to have the Confidential Material …immediately stricken from any pleading, exhibit or other … paper filed in or in connection with any judicial or non-judicial proceeding in which

---

[2] One of the Plaintiffs is presently subject to a Court Order enjoining him from violating the NDA, see *infra*.

[3] To the extent the Plaintiffs wanted to avoid liability for violating the NDA before filing Confidential Information in this Court, they should have challenged the validity of the NDA as provided for in the NDA. The NDA, like every other Loan Document signed by Plaintiffs over a six (6) year period, requires that any judicial or non-judicial proceeding arising out of or related to the NDA "shall be instituted in the Circuit Court for the City of Martinsville, Virginia, or the United States District Court for the Western District of Virginia…." [ECF 3], Exhibit B at p. 16, ¶ 7.

3

such Confidential Information is disclosed…."[4] In other words, Confidential Information is not disclosable for any reason and is effectively treated like it does not exist.[5] This is what the parties agreed to. Merely sealing court documents that contain Confidential Information does not comply with the NDA or evade its prohibitions. Rather than sealing the briefs and exhibits containing Confidential Information, the Court should strike such pleadings and expunge them from the record.

## ARGUMENT

### A. The Third Motion to Seal is Not a Response to the Venue Motion.

Carter Bank filed its Venue Motion on December 6, 2023. Pursuant to Local Rule 7.1, Plaintiffs' response was due on December 20, 2023. Plaintiffs did not file a response in opposition. Instead, Plaintiffs filed the Third Motion to Seal, attaching the Proposed Opposition (redacted and unredacted) as exhibits. Pursuant to the ECF Administrative Procedures for this Court, that filing operated to lodge the Proposed Opposition with the Court, but not to file it. ECF Administrative Procedures, § 12.2 ("Motions to seal and any accompanying proposed documents for sealing shall be considered lodged with the court pending a ruling on the sealing request.") Pursuant to § 12.1, when the Court orders the documents placed under seal, "the Clerk will officially file the document."

---

[4] Given the prior litigation in this Court in 2021 and other legal disputes between the parties over the past few years, the NDA was intended to allow the parties to communicate openly with each other about their extensive and complicated lending relationship without fear that such communications would be taken out of context in Court proceedings.

[5] The Parties also agreed to except from this prohibition "written demands and/or other written notices issued pursuant to the Loan Documents" and to the extent "a Party is exercising its remedy against the other Party arising from or in connection with this Agreement…" This allowed Carter Bank to file the NDA in the Martinsville Circuit Court and to rely on the terms of the Agreement here.

Plaintiffs have not filed an Opposition. This has two consequences. First, at this point, as a procedural matter, since no Opposition has been filed to the Venue Motion, it is ripe for decision by the Court. Second, since no Opposition has been filed to the Venue Motion, the time for filing a Reply has not been triggered.

Accordingly, Carter Bank files this Opposition to the Third Motion to Seal. Carter Bank once again requests that the Court deny the Third Motion to Seal and consider ruling on the Venue Motion. It will then be Plaintiffs' decision regarding how to proceed: file a motion for leave to file after the filing deadline (i) an unredacted Opposition to the Venue Motion and suffer the consequences, or (ii) a redacted or Amended Opposition that complies with the NDA. In the event that the Court retroactively allows the lodged Opposition to be deemed filed, Carter Bank requests that the Court grant it seven days as permitted by Local Rule 7.1 from such allowance to file its Reply.

**B.     The Standard for Sealing Sets a High Bar.**

As the Court's ECF Administrative Procedures emphasize, "**The filing of documents under seal is discouraged**." ECF Administrative Procedures, § 12.1 (emphasis in original). The common law affords presumptive access to all judicial records and documents. *Nixon v. Warner Comm's., Inc.*, 435 U.S. 589, 597-98 (1978). As this Court has noted "[m]aterials that fall within the common law right may be sealed only if competing interests outweigh the public's right of access." *Stoneman v. Brown*, No. 5:21-cv-00147, 2022 U.S. Dist. LEXIS 82458, at * (S.D. W.Va. May 6, 2022). "Public inspection of court documents 'is necessary to allow interested parties to judge the court's work product in the cases assigned to it.'" *Id.* (citing Loc. R. Civ. P. 26.4(b)(1). Moreover, the public's "First Amendment right of access can only be overcome when 'the denial [of access] is necessitated by a compelling government interest, and is narrowly tailored to serve

that interest.'" *Id.* (quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606-607 (1982)).

The Fourth Circuit has established both substantive and procedural requirements that a district court must follow in reviewing a motion to seal materials or testimony. *Virginia Dep't. of State Police v. The Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court must determine the source of the public's right to access and then weigh the appropriate competing interests. *Id.* Procedurally, the district court must: (1) provide notice to the public and give the public an opportunity to object to the sealing, (2) consider less drastic alternatives, and (3) provide specific findings in support of the decision to seal and the rejection of alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

While paying lip service to this standard, Plaintiffs fail to demonstrate that any compelling reason supports sealing.

        **C.**      **Plaintiffs' Fear of and Reliance on the NDA is Insufficient to Support Sealing.**

Plaintiffs rely solely on their fear of the provisions of the NDA and its alleged potential to expose them to legal liability as grounds for sealing the unredacted Proposed Opposition and Exhibits 1 and 7. In the same breath, however, they boldly proclaim that the NDA is unenforceable because it was obtained by "economic duress" and is "patently overbroad." Mot., at 2. In that same paragraph, Plaintiffs mention that Carter Bank has previously brought an action against Plaintiff James C. Justice, III ("Jay Justice") in the Circuit Court of the City of Martinsville, Virginia for violation of the NDA. They cite this as why they have "reason to believe" that Carter Bank will seek to vindicate its rights under the NDA and subject them to liability for a breach of the NDA. What Plaintiffs conveniently fail to mention is that on May 2, 2023, the Circuit Court of the City of Martinsville, Virginia enforced the NDA against Jay Justice and entered a

preliminary injunction Order enjoining him from further violating it. A copy of that Order is attached hereto as Exhibit A. That Order remains in effect to the present day. Carter Bank disagrees with Plaintiffs' assessment of the validity of the NDA.

The fact that Plaintiffs anticipate that they may be subjected to "superfluous litigation and potential liability under the NDA" and wish to "insulate themselves" from any such suit is not a compelling reason to seal the documents. Instead, it appears to be an effort to litigate prophylactically the issue of the enforceability of the NDA before this Court, even though Plaintiffs have not sought any such relief in the Complaint nor brought the matter before the Court in any procedurally proper manner. Plaintiffs do so for the admitted reason of evading the terms of the NDA, and the consequential exposure for violating it, by asking this Court to shelter them from its effect until the Court renders what can only be an advisory opinion. As Carter Bank pointed out in its Supplemental Response to the original Motion to Seal, had they wanted that protection, Plaintiffs could have filed an appropriate action in the proper court before rushing to file this litigation.

Having decided to attempt to circumvent the procedurally proper course, Plaintiffs cannot use a motion to seal to avoid the consequences of their actions. Plaintiffs wholly fail to explain why their interest in not being sued outweighs the public interest in these proceedings. If Plaintiffs fear that the NDA is enforceable, they should remove those portions of the Opposition that violate the NDA, file an Opposition that comports with the NDA's provisions and seek a ruling as to the NDA's enforceability in the appropriate forum. Protecting the Plaintiffs from the consequences of their own actions is not a compelling reason for this Court to grant the Third Motion to Seal.

## **CONCLUSION**

Plaintiffs appear to be trying to litigate this entire case under seal because of their angst surrounding the NDA. Because Plaintiffs once again ask this Court to grant them the extraordinary

relief of shielding them from the provisions of a contract that they agreed to, and have failed to identify any compelling reason that overcomes the presumption of public access to court pleadings, Carter Bank respectfully asks the Court to 1) deny the Third Motion to Seal and either (2)(a) deem the lodged Proposed Opposition untimely and consider the Venue Motion without regard to the lodged Proposed Opposition or (2)(b) order the Plaintiffs to file a redacted or Amended Opposition on the public record in such form as they see fit and in such event, grant Carter Bank seven days pursuant to Local Rule 7.1 from such filing to file its Reply in Support of the Venue Motion.

DATED: December 22, 2023

Respectfully submitted,

**CARTER BANK & TRUST, et al.,**

By counsel,

/s/ R. Booth Goodwin II
R. Booth Goodwin II (W. Va. Bar No. 7165)
Carrie Goodwin Fenwick (W. Va. Bar No. 7164)
GOODWIN & GOODWIN LLP
300 Summers Street, Suite 1500
Charleston, West Virginia 24328
T: (304) 356-7000
F: (304) 344-9692
E-mail: rbg@goodwingoodwin.com
*Counsel for Carter Bank*


John C. Lynch (WVSB # 6627)
Megan E. Burns (WVSB #13290)
Troutman Pepper Hamilton Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
T: (757) 687-7564
F: (757) 687-1524
E-mail: john.lynch@trotuman.com
E-mail: megan.burns@troutman.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**GREENBRIER HOTEL CORPORATION,** *et al.*,

      **Plaintiffs,**

    v.

**CARTER BANK & TRUST,** *et al.*,

      **Defendants.**

Civil Action No. 5:23cv731

**CERTIFICATE OF SERVICE**

I, Carrie Goodwin Fenwick, hereby certify that I served a true and correct copy of the foregoing **Carter Bank's Response to Plaintiffs' Motion to Provisionally Seal Portions of Their Response in Opposition to Carter Bank's Motion to Transfer Venue** upon the following counsel of record on December 22, 2023, via the Court's CM/ECF system.

Michael W. Carey
Steven R. Ruby
Raymond S. Franks, II
David R. Pogue
Carey, Douglas, Kessler, & Ruby, PLLC
707 Virginia Street, East
901 Chase Tower
Charleston, WV 25301
mcarey@cdkrlaw.com
sruby@cdkrlaw.com
rfranks@cdkr.law.com
dpogue@cdkrlaw.com
*Counsel for Plaintiffs*

                                            /s/ Carrie Goodwin Fenwick
                                            Carrie Goodwin Fenwick (W. Va. Bar No. 7164)

                                            *Counsel for the Carter Bank*