**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE CITY OF MARTINSVILLE**

| | |
|---|---|
| **CARTER BANK & TRUST,** | |
| **Plaintiff,** | |
| v. | Case No.: CL23000130-00 |
| **JAMES C. JUSTICE, III,** | |
| **Defendant.** | |

## ORDER

This matter comes before the Court on Plaintiff Carter Bank & Trust's ("Carter Bank") Motion for Preliminary Injunction against Defendant James C. Justice, III ("Defendant"). Carter Bank brings this motion to prevent Defendant from disclosing further confidential information about the credit relationships and ongoing business negotiations between Carter Bank and Defendant, as well as certain entities owned or controlled by Defendant and his family members.

To prevail on a motion for preliminary injunction, Plaintiff must demonstrate: (1) the likelihood that Plaintiff will succeed on the merits; (2) the likelihood that it will suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities; and (4) the public interest. *Freemason St. Area Ass'n v. City of Norfolk*, 2018 Va. Cir. LEXIS 342, *15 (Norfolk 2018). Plaintiff has met this standard.

First, Plaintiff has shown a likelihood of success on the merits by presenting evidence establishing that: (1) Plaintiff and Defendant entered into a valid confidentiality and nondisclosure agreement (the "Agreement"); (2) the information disclosed by Defendant in a press release issued by Defendant on or about April 21, 2023 (the "Information"), was subject to the Agreement; (3)



that Information was protected against public disclosure under ~~that~~ the Agreement; and (4) Defendant breached the Agreement by disclosing such Information in the press release.

Second, Plaintiff established that it has suffered irreparable harm as a result of Defendant's breach of the Agreement and public disclosure of the Information. Defendant specifically acknowledged in the Agreement that the disclosure of such confidential information would cause Plaintiff irreparable harm. Moreover, Plaintiff reasonably anticipates that Defendant may make additional future disclosures of information protected by the Agreement, which would cause Plaintiff additional irreparable harm. Thus, Plaintiff is likely to suffer additional irreparable harm in the absence of preliminary relief.

Third, Plaintiff established that the balance of the equities favors Plaintiff. Plaintiff has suffered and will continue to suffer irreparable harm in the absence of a preliminary injunction prohibiting Defendant from further disclosures of information protected by the Agreement. Defendant, on the other hand, will not be prejudiced in any way by having to comply with the terms of an Agreement to which he voluntarily agreed.

Finally, the public interest favors the enforcement of valid contractual agreements such as the Agreement.

For all of these reasons, the Court finds that Carter Bank is entitled to entry of a preliminary injunction in this matter.

Accordingly, the Court **ORDERS** that Defendant James C. Justice, III, be, and hereby is, enjoined from disclosing any information governed by the Agreement except to the extent that such disclosure is pursuant to the specific restrictions and limitations of the Agreement. This injunction applies not only to future disclosures of information governed by the Agreement, but it also applies to the Information previously disclosed by Defendant to prohibit any republishing or



2

reuse of that Information previously disclosed in the press release.

This preliminary injunction shall remain in force until further Order of the Court.

The Court also **AWARDS** Carter Bank its attorneys' fees and costs incurred herein, pursuant to the Agreement. Carter Bank shall file its statement of attorney's fees and costs incurred within 21 days of entry herewith. Defendant shall file its Objection, if any, to such statement within 10 days thereafter. If the parties are not able to agree to such fees and costs, then either party may notice the issue for hearing and the Court shall thereafter issue its judgment order in the amount it deems appropriate.

SO ADJUDGED, ORDERED AND DECREED.

Date: 5/2/23

_____
Judge Giles Carter Greer

Seen and agreed:

**CARTER BANK & TRUST**

_____
Robert A. Angle (VSB No. 37691)
Troutman Pepper Hamilton Sanders LLP
1001 Haxall Point, Suite 1500
Richmond, Virginia 23219
Telephone: (804) 697-1246
Facsimile: (804) 698-5124
E-mail: robert.angle@troutman.com
*Counsel for Plaintiff Carter Bank & Trust*


Seen and _____:

**JAMES C. JUSTICE III**

_waived – Rule 1:13_
Steven R. Ruby, Esquire
Carey Douglas Kessler & Ruby PLLC
707 Virginia Street, East
901 Chase Tower
Charleston, WV 25301
Telephone: (304) 345-1234
Email: sruby@cdkrlaw.com

IN TESTIMONY that the foregoing is a true Copy taken from the records of said Court, I, Jean P. Nunn, Clerk thereof set my hand and affix the Seal of said Court
This the ___ day of May 2023
_____ Clerk
Circuit Court, City of Martinsville, VA