UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**GREENBRIER HOTEL CORPORATION**; **JAMES C. JUSTICE COMPANIES, INC.**; **TWIN FIR ESTATES, LLC**; **WILCOX INDUSTRIES, INC.**; **JUSTICE LOW SEAM MINING, INC.**; **PLAYERS CLUB, LLC**; **JUSTICE FAMILY GROUP, LLC**; **GREENBRIER MEDICAL INSTITUTE, LLC**; **GREENBRIER GOLF & TENNIS CLUB CORPORATION**; **THE GREENBRIER SPORTING CLUB DEVELOPMENT CO., INC.**; **THE GREENBRIER SPORTING CLUB, INC.**; **TAMS MANAGEMENT, INC.**; **BELLWOOD CORPORATION**; **OAKHURST CLUB, LLC**; **JAMES C. JUSTICE, II**; **CATHY L. JUSTICE**; and **JAMES C. JUSTICE, III**,

    *Plaintiffs*,

v.

Case No. 05:23-cv-00731

**CARTER BANK & TRUST**; **CARTER BANKSHARES, INC.**; **LITZ H. VAN DYKE**; **PHYLLIS Q. KARAVATAKIS**; **MICHAEL R. BIRD**; **KEVIN S. BLOOMFIELD**; **ROBERT BOLTON**; **GREGORY W. FELDMANN**; **JAMES W. HASKINS**; **JACOB A. LUTZ, III**; **E. WARREN MATTHEWS**; **CATHARINE L. MIDKIFF**; **CURTIS E. STEPHENS**; and **ELIZABETH LESTER WALSH**,

    *Defendants.*

**PLAINTIFFS' OMNIBUS REPLY IN SUPPORT OF THEIR MOTIONS TO PROVISIONALLY SEAL PORTIONS OF THEIR RESPONSES IN OPPOSITION TO DIRECTOR DEFENDANTS' MOTION TO DISMISS AND CARTER BANK'S MOTION TO TRANSFER VENUE**

Rather than meaningfully reply to Plaintiffs' arguments and authorities detailing the lack of merit surrounding Director Defendants' motion and supporting memorandum to dismiss the Complaint for want of personal jurisdiction [Docs. 16, 17], together with Carter Bank's motion and memorandum to transfer venue [Docs. 18, 23], Defendants opt to ignore Plaintiffs' unredacted responses on the merits [Docs. 24-2, 25-1] in favor of doubling down on their exhortation that the Court place all filings in this matter on the public docket in unexpurgated form. Plaintiffs, of course, agree that the public should see all of Plaintiffs' damning allegations against Defendants in their unflattering entirety.

Plaintiffs do *not* agree that exposing Defendants' misconduct should subject them to eventual liability or even being compelled at the threshold to defend their actions in connection with the NDA. Defendants crafted the NDA, thrust it upon Plaintiffs, and left them no realistic choice other than to sign it. By steadfastly refusing to assert in this proceeding whatever rights or entitlements the NDA ostensibly conferred on them, Defendants have voluntarily and unambiguously waived any reasonable expectation of confidentiality in the associated subject matter, and they are consequently estopped from asserting any claim thereunder.[*]

Defendants prefer to play semantic games with respect to Plaintiffs' responses, pretending that they do not exist because — they say — the responses have not been filed, but merely "lodged"

---

[*] Plaintiffs' overarching action for Defendants' violations of the Bank Holding Company Act, breaches of contract and fiduciary duty, and for tortious interference with business relations is not a judicial proceeding arising out of or relating to the NDA. Defendants' intimation that this Court is not a proper forum to determine the parties' rights under the NDA as a purely collateral matter, Doc. 26 at 3 n.3; Doc. 27 at 3 n.3, is thus in error.

as exhibits to the motions seeking to seal them. But Defendants cannot maintain that they have not timely received and understood the responses, and they can claim no prejudice resulting from the manner in which the responses were communicated. Defendants' averment that they have somehow been prevented "from knowing whether or what they will need to reply to," Doc. 26 at 3; Doc. 27 at 2, is breathtakingly incorrect, unless they wish to represent to the Court that they have not actually read the responses.

Defendants suggest that, absent "filed" responses, their motions are ripe for decision and may be considered as unopposed. Defendants' fallacious reasoning is no more accurate here than in the typical case — *any* case, really — where a motion or other document is proffered for a court to consider placing under seal. The substance of materials tendered for putative sealing is always instantaneously before the court and the parties regardless of when, later on, it is determined that the filing should be made public or kept private. In the real world, "filing" is the functional equivalent of "docketing."

But Defendants assume that the Court will rule on their motions in a vacuum, not evaluating the substance of Plaintiffs' responses while determining the propriety of public access. Defendants' assumption ignores the context of the broader dispute, and it completely misunderstands the practical realities of the decisionmaking process. Indeed, the Court may wonder for the time being why it should later on have to enter an order directing Defendants to finally draft replies and needlessly defer decision for a week or longer. It would certainly be within the Court's discretion, upon due consideration, to leave Defendants hoist by their own petard and deem the time for any reply to have expired on the date prudence and common sense dictates it should have been submitted in the first instance.

Plaintiffs' filing of the redacted responses adheres to the NDA insofar as it purports to prohibit the use of the parties' "Confidential Information ['CI'] in or in connection with any judicial or non-judicial proceedings." NDA ¶ 3. The redactions obviate the need for Defendants to pursue any or all of the NDA's asserted remedies, including having the CI "immediately stricken from any pleading, exhibit or other instrument, document, or other paper filed in or in connection with any judicial . . . proceeding." *Id.* at ¶ 8.

The redactions should remain in place unless and until this Court rules that Carter Bank "is required by applicable law [and/or] judicial . . . process . . . to disclose" the CI. *Id.* at ¶ 4. The Court may (and, in Plaintiffs' view, should) rule for its present purposes that the NDA is unenforceable on its face as overbroad, violative of due process or of public policy, or — after an opportunity for discovery — procured by economic duress. Alternatively, the Court may rule that the NDA is enforceable and proceed with adjudicating Plaintiffs' claims with the appropriate sealing safeguards.

Contrary to Defendants' suggestion, Plaintiffs are not asking the Court to render an advisory opinion. The Court wields unquestioned control over the substance and form of its own docket, including — perhaps most important — regulating the public's access to court filings. *E.g.*, *Block v. Starbucks Corp.*, No. 1-15-cv-00991, 2018 WL 4352906, at*5 (E.D. Calif. Sept. 11, 2018) (recognizing that "[i]t is well established that district courts have inherent power to control their docket and the discretion to seal documents" (citation and internal quotation marks omitted)). The exercise of that control is always a live issue that the Court may address by motion or *sua sponte*. *See Middlebrooks v. Equifax, Inc.*, No. 1:20-cv-1825, 2023 WL 2876429, at *11 (N.D. Ga. Mar. 14, 2023) (confirming that magistrate judge, "pursuant to his inherent authority to control his docket, could *sua sponte* seal documents" (citations omitted)). In this instance, Plaintiffs have

merely identified through their motion the need for the Court to rule, as courts do routinely on motions to seal in other contexts.

DATED: December 29, 2023

Respectfully submitted,

GREENBRIER HOTEL CORPORATION
JAMES C. JUSTICE COMPANIES, INC.
TWIN FIR ESTATES, LLC
WILCOX INDUSTRIES, INC.
JUSTICE LOW SEAM MINING, INC.
PLAYERS CLUB, LLC
JUSTICE FAMILY GROUP, LLC
GREENBRIER MEDICAL INSTITUTE, LLC
GREENBRIER GOLF & TENNIS CLUB CORPORATION
THE GREENBRIER SPORTING CLUB DEVELOPMENT CO., INC.
THE GREENBRIER SPORTING CLUB, INC.
TAMS MANAGEMENT, INC.
BELLWOOD CORPORATION
OAKHURST CLUB, LLC
JAMES C. JUSTICE, II
CATHY L. JUSTICE
JAMES C. JUSTICE, III

By Counsel:

*/s/ Steven R. Ruby*
Michael W. Carey (WVSB #635)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
David R. Pogue (WVSB #10806)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com
**Counsel for Plaintiffs**

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on December 29, 2023, the foregoing *Plaintiffs' Omnibus Reply in Support of Their Motions to Provisionally Seal Portions of their Responses in Opposition to Director Defendants' Motion to Dismiss and Carter Bank's Motion to Transfer Venue* was served electronically through the Court's CM/ECF system, providing notice of the filing to counsel of record.

*/s/ Steven R. Ruby*
Steven R. Ruby (WVSB #10752)