IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

GREENBRIER HOTEL CORPORATION, et al.,

    Plaintiffs,

v.

CARTER BANK & TRUST, et al.,

    Defendants.

Civil Action No. 5:23-cv-00731
Honorable Frank W. Volk, Judge

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS REDACTED COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR FAILURE TO STATE A CLAIM

Defendants Carter Bank & Trust and Carter Bankshares, Inc. ("Bank Defendants") and individual defendants Michael R. Bird, Kevin S. Bloomfield, Robert M. Bolton, Gregory W. Feldman, James W. Haskins, Phyllis Q. Karavatakis, Jacob A. Lutz, III, E. Warren Mathews, Catharine L. Midkiff, Elizabeth Lester Walsh, Curtis E. Stephens, and Litz H. Van Dyke ("Director Defendants" and together with the Bank Defendants, the "Defendants"), by counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Local Rule 7.1, submit this Memorandum in support of their Motion to Dismiss Plaintiffs' Redacted Complaint for failure to state a claim (the "Motion").

## INTRODUCTION AND PROCEDURAL HISTORY

On November 10, 2023, in a desperate attempt to stave off confession of judgment proceedings pending against them in the Circuit Court of the City of Martinsville, Virginia—then set for hearing on November 15, 2023—Plaintiffs filed an extensively redacted Complaint [ECF No. 1] against the Defendants in this Court. On or about November 14, 2023, Plaintiffs filed an

unusual *ex parte* Motion to Provisionally Seal Portions of the Complaint Pending Court Review. Pursuant to an agreed briefing schedule, the parties have fully briefed the Motion to Provisionally Seal Portions of the Complaint Pending Court Review. It remains pending for decision.

Pursuant to the ECF Administrative Procedures for this Court, the filing of the Motion to Provisionally Seal Portions of the Complaint Pending Court Review operated to lodge a Proposed (unredacted) Complaint with the Court, but not file it. ECF Administrative Procedures, § 12.2 ("*Motions to seal and any accompanying proposed documents for sealing shall be considered lodged with the court pending a ruling on the sealing request.*") Pursuant to ECF Administrative Procedures, § 12.1, when the Court orders the documents placed under seal, "the Clerk will officially file the document."

On November 20, 2023, Defendants filed a Motion for Bifurcated Briefing and a Memorandum in Support thereof. [ECF Nos. 12,13.] In the Motion for Bifurcated Briefing, Defendants asked this Court to defer the requirement of filing of dispositive Rule 12 motions (such as a Rule 12(b)(6) motion) until after it ruled on Defendants' then forthcoming motion to transfer venue and motion to dismiss for lack of jurisdiction. Plaintiffs subsequently represented in their Reply in Support of their Motion to Provisionally Seal Portions of the Complaint that they did not oppose the Motion for Bifurcated Briefing [ECF No. 15]. On December 6, 2023, Defendants filed a Motion to Transfer Venue to the Western District of Virginia [ECF No. 18] on behalf of Carter Bank, as well as a Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction on behalf of the Director Defendants [ECF No. 16].

Because the Court has not yet ruled on the pending Motion for Bifurcated Briefing or the Motion to Provisionally Seal Portions of the Complaint, Defendants believe it necessary and appropriate to respond substantively to the redacted Complaint, which is the only operative

Complaint that has been filed. Thus, this Memorandum and the Motion that it supports, address the filed redacted Complaint. When the Court rules on the Motion to Provisionally Seal Portions of the Complaint Pending Court Review, Defendants will respond, as appropriate, in accordance with the Court's instructions.

The redacted Complaint is a sequel to and reprise of a 2021 complaint Plaintiffs filed against Defendants in this Court styled *Bellwood Corporation et al. v. Carter Bank & Trust, et al.*, 5:21-cv-00320 ("*Justice I*"). Many of the factual allegations in the instant action are copied and pasted from *Justice I*. The causes of action in the instant action are also slimmed-down versions of those pled in *Justice I*. *Id.* [1] Indeed, in what has become a pattern, whenever Plaintiffs default on their loans from Carter Bank and face the inevitable consequences of their default, they frivolously sue Defendants (including with flimsy and vague allegations made "upon information and belief" against the Director Defendants) claiming that Plaintiffs were the victims of "economic duress," a laughable notion when it comes to James C. Justice, II, the Governor of West Virginia and one-time reputed billionaire who has access to the finest legal talent in the United States.[2]

*Justice I* was dismissed agreed with prejudice on September 8, 2021. [*Justice I*, ECF No. 65]. Thus, to the extent Plaintiffs' current claims arise out of or are based upon those claims dismissed in *Justice I*, all of those claims are barred by the doctrine of *res judicata* (see *infra*). By and large, the remaining allegations in the Complaint are redacted, leaving no factual allegations on which Plaintiffs can base any of their causes of action. The Complaint's redactions,

---

[1] A copy of the complaint filed in *Justice I* is attached to the Motion as Exhibit A. A copy of the dismissal order in *Justice I* is attached to the Motion as Exhibit B.

[2] The Complaint in *Justice I* reveals that Mr. Justice was represented in that litigation by the pre-eminent New York City based law firm of Sullivan & Cromwell, LLP, considered one of the top tier law firms in the country.

when combined with the dismissal of *Justice I*, render the Complaint utterly insufficient to meet the pleading requirements of the Federal Rules of Civil Procedure. As a result, it should be dismissed.

**STANDARD OF REVIEW**

To survive Rule 12(b)(6) scrutiny, a complaint must allege facts sufficient to raise a right to relief above the speculative level, thereby nudging the claims across the line from conceivable to plausible" *Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012); *Demetry v. Lasko Prods*., 284 F. App'x 14, 15 (4th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). *Tinsley v. OneWest Bank*, 4 F. Supp. 3d 805, 818 (S.D.W.Va. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Legal conclusions and labels are insufficient to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure, and only allegations of fact are entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 681 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Twombly*, 550 U.S. at 555 (stating that a pleading that offers "legal conclusions" or "a formulaic recitation of the elements of a cause of action will not do."). Put another way, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 677.

The affirmative defense of *res judicata* is a dispositive legal issue that can subject a complaint to dismissal under Rule 12(b)(6) when it appears on the face of the complaint. *Kerr v.*

*Marshall Univ. Bd. of Governors*, No. 2:16-cv-06589, 2017 U.S. Dist. LEXIS 155395, at *5 (S.D. W.Va. June 28, 2017) (citing *Dovani v. Va. Dept. of Transp.*, 434 F.3d 712, 720 (4th Cir. 2006); *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000)). Here, the only factual allegations in the Complaint that are not redacted formed the basis for the claims asserted in *Justice I*. These previously pled factual allegations cannot now be used to assert essentially the same causes of action in this subsequent civial action. The only remaining assertions are legal conclusions unsupported by facts.

**ARGUMENT**

**A. Any claim in the Complaint based on factual assertions that predate *Justice I* are barred *by res judicata*.**

Although the factual allegations in the redacted Complaint comprise over 100 paragraphs, the first 79 of those paragraphs set forth claims about matters that occurred prior to the institution of *Justice I* and that were pled in *Justice I*. *Justice I* was dismissed with prejudice. Because the facts implicating *res judicata* based on *Justice I* appear on the face of Plaintiffs' complaint, the Court can take judicial notice of its own docket and facts from the prior judicial proceeding without converting Defendants' Motion into one for summary judgment. *Field v. Berman*, 526 Fed. Appx 287, 291 (4th Cir. 2013): *Andrews*, 201 F.3d at 524 n.1; *Webb v. City Nat'l Bank (In re Webb)*, 2018 Bankr. LEXIS 963, at *11 (Bankr. S.D. W.Va. March 30, 2018) (the Court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact). Here, the Complaint specifically pleads that Plaintiffs sued Carter Bank and its officers and directors and that the case was settled in early September 2021. Compl. ¶ 79. As this Court's own docket reveals, *Justice I* was dismissed with prejudice. Ex. B. Moreover, Plaintiffs do not and cannot dispute the factual accuracy of the record in the prior action filed in this Court.

5

Although the pre-*Justice I* allegations are provocative, they cannot support Plaintiffs' claims in this civil action. Res judicata "bars a party from relitigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008) "The application of res judicata turns on the existence of three factors: '(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.'" *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) (quoting *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004)); *see Cabot Oil & Gas Corp. v. Beaver Coal Co., Ltd*., 2017 W.Va. LEXIS 906, at *18 n.14 (W.Va. 2017) (identifying the same factors under state law). The "preclusive effect of a prior judgment extends beyond claims or defenses actually presented in previous litigation." *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). It "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Peugeot Motors of Am., Inc. v. E. Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir. 1989); *Cabot Oil*, 2017 W.Va. LEXIS 906, at *18 n.14 (same for West Virginia state law).

There can be no dispute that *Justice I* was resolved by a final judgment on the merits. *See Nash County Bd. of Ed. v. Biltmore Co.*, 640 F.2d 484, 487 (4th Cir. 1981) (a consent judgment constitutes a final judgment on the merits); *United Steel v. Tecnocap, LLC*, No. 5:22-cv-263, 2023 U.S. Dist. LEXIS 223828, at *15 (N.D. W.Va. Aug. 23, 2023) (prior case resolved by settlement and dismissed with prejudice gave rise to *res judicata*). Likewise, the parties to this action are the same as those in *Justice I* or are in privity with those in the prior suit. The Plaintiff entities are either identical to those in *Justice I* or owned and controlled by the same individuals. *See Dunlap v. Cottman Transmissions Sys., LLC*, 689 Fed. Appx. 188, 189 (4th Cir. 2017) (per curiam)

(companies who were wholly-owned subsidiaries were in privity with one another and with the president of both). Likewise, the Defendants are, once again, Carter Bank and its directors. Accordingly, any claim based on any factual allegations asserted in *Justice I* is barred by *res judicata*. *United Steel*, 2023 U.S. Dist. LEXIS 223828, at *15 (claims arising out of contract already asserted in prior case were barred). Plaintiffs acknowledge as much in the redacted Complaint, asserting: "[a]s a result of these and other unlawful actions by the bank since September 2021, Plaintiffs demand damages of not less than $1 billion." Compl. ¶ 8. Plaintiffs thus agree that they are not asserting claims based on anything that occurred prior to the dismissal of *Justice I* on September 8, 2021.

### B. The factual allegations remaining in the redacted Complaint are wholly insufficient to support Plaintiffs' claims for relief.

The allegations set forth in the balance of the factual section of the redacted Complaint, Compl. ¶¶ 80-99, post-date the dismissal of *Justice I*. They are virtually unintelligible due to extensive and consequential redactions.

The divergence between the unredacted pre-*Justice I* allegations and the redacted post-*Justice I* allegations is starkly illumined by comparing Paragraphs 5 and 6 of the redacted Complaint. Paragraph 5 describing pre-*Justice I* claims is wholly unredacted. Paragraph 6 describing post-*Justice I* claims is almost entirely redacted. The only post-*Justice I* paragraphs that even marginally set forth facts that can be discerned are numbered 94 and 95. But those paragraphs merely recite the institution by Carter Bank of a series of confessions of judgment against Plaintiffs and a lawsuit against James C. Justice, III ("Jay Justice").[3] They do not provide factual support for any of the causes of action asserted by Plaintiffs.

---

[3] Although Plaintiffs report at paragraph 95 of the redacted Complaint that Carter Bank "subsequently sued Jay Justice for purportedly violating its communication protocol" and that the filing

### 1. **The allegations in the redacted Complaint fail to state a claim for violation of the Bank Holding Company Act (Count I).**

Plaintiffs allege in Count I that Defendants violated 12 U.S.C. § 1972(1)(E), the Bank Holding Company Act's exclusivity prohibition. Compl. ¶¶ 103-111. Congress passed the Bank Holding Company Act ("BHCA") in 1956 to regulate companies that directly or indirectly own or control banks. *See* Bank Holding Company Act of 1956 (May 9, 1956), *https://fraser.stlouisfed.org/title/984* (last accessed on June 30, 2021). In 1970, the BHCA was amended to prohibit "tying arrangements" by banks. See PL 91-607, 84 Stat. 1760 (Dec. 31, 1970). The anti-tying provision at issue in this case dictates, in relevant part, that "[a] bank shall not in any manner extend credit, lease or sell property of any kind, or furnish any service, or fix or vary the consideration for any of the foregoing, on the condition or requirement . . . that the customer shall not obtain some other credit, property, or service from a competitor of such bank. . . ." 12 U.S.C. § 1972(1)(E) (emphasis added). Thus, Plaintiffs must allege that (1) a bank, (2) extended credit to a customer, and (3) the credit was extended on a condition that the customer would not obtain "other credit" from a competitor of the bank. *Id.*

Title 12 defines the extension of credit by a bank as "(I) *making or renewing any loan, granting a line of credit, or entering into any similar transaction* as a result of which the person

---

was "for the purposes of concealing their own misconduct . . .", what Plaintiffs conveniently fail to mention is that on May 2, 2023, the Circuit Court of the City of Martinsville, Virginia found that Jay Justice had violated the communication protocol between the parties, enforced the communication protocol against Jay Justice and entered a preliminary injunction Order enjoining Jay Justice from further violating it. This omissive allegation is representative of the misleading nature of the allegations in even the redacted Complaint.

8

becomes obligated . . . to pay money or its equivalent to the bank; or (II) having credit exposure to the person arising from a derivative transaction. . . ." 12 U.S.C. § 375b(9)(D) (emphasis added). Extending credit is exactly what it sounds like—lending money to someone else. *Id.* Plaintiffs direct the Court to *McCune v. Nat'l City Bank*, 701 F. Supp. 2d 797 (E.D. Va. 2010), which reaffirms this basic principle: there can be a violation of the BHCA only when "disposition of Plaintiffs' request necessarily involved a decision pertaining to Plaintiffs' credit." *Id.* at 802. The redacted Complaint fails to include any decipherable factual allegation supporting Plaintiffs' BHCA claim. In particular, Paragraphs 107, 108, and 110 are so redacted as to make it impossible to determine what alleged action by Defendants purportedly violated the BHCA.

### 2. The redacted Complaint fails to state a claim for breach of contract (Count II).

Count II of the redacted Complaint essentially asserts a claim for breach of the duty of good faith and fair dealing implied in contracts. Compl. ¶¶ 113-118. However, the redacted Complaint's allegations are so redacted that it is impossible to determine what contract Plaintiffs are referencing, let alone the conduct alleged to breach the duty of good faith and fair dealing. *See, e.g.*, Compl. ¶¶ 113, 115. The redacted Complaint fails to allege facts, as opposed to legal conclusions, supporting a claim for breach of the duty of good faith and fair dealing.

### 3. The redacted Complaint fails to allege facts demonstrating the existence of a fiduciary duty (Count III).

In Count III, Plaintiffs assert a claim for breach of fiduciary duty under West Virginia law.[4] The redacted Complaint alleges, and Plaintiffs cannot dispute, that the relationship between Carter Bank and Plaintiffs is that of a lender and borrowers, governed by numerous contract documents.

---

[4] Defendants do not concede that West Virginia law controls any claim made in the redacted Complaint. In fact, as the many loan documents between the parties make clear, Virginia law applies to all disputes between the parties.

9

Broadly speaking, a party "cannot maintain an action in tort for an alleged breach of a contractual duty" under West Virginia law. *Lockhart v. Airco Heating & Cooling*, 567 S.E.2d 619, 624 (W. Va. 2002) (footnote omitted). Instead, "[t]ort liability of the parties to a contract arises from the breach of some positive legal duty imposed by law because of the relationship of the parties, rather than a mere omission to perform a contract obligation." *Id.*

In West Virginia, a lender owes a legal duty to a borrower only if a "special relationship" exists between the two that gives rise to a tort duty. *See Glascock v. City Nat'l Bank of W. Va.*, 576 S.E.2d 540, 541 (W. Va. 2002); *Tillette v. Ben. W. Va., Inc. (In re Tillette)*, 557 B.R. 902, 909 (Bankr. S.D. W. Va. 2016) (a special relationship exists when a lender "so immerses itself in the borrower's business that a tort duty necessarily arose.") The only unredacted facts supporting a purported "special relationship" predate *Justice I* and, in any event, are conclusory. Compl. ¶ 122 (asserting vaguely that Worth Carter "worked closely" with the Justices). Besides pre-dating by over four years the dismissal of *Justice I*, these allegations are nothing more than labels and conclusions, and therefore are insufficient to rescue Plaintiffs' claims from dismissal. *Twombly*, 550 U.S. at 555; *Burnette*, 687 F.3d at 180 (assertions of wrongdoing require some factual enhancement to cross the line between possibility and plausibility of entitlement to relief).

### 4. The redacted Complaint fails to state a claim for tortious interference with business relations (Count IV).

To establish a prima facie case of tortious interference in West Virginia, "a Plaintiff must prove the following elements: (1) the existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." *Susko v. Cox Enters.*, No. 5:07-CV-144, 2008 U.S. Dist. LEXIS 69901, at *20 (N.D. W.Va. Sept. 16, 2008) (quoting Syl. Pt. 2, *Torbett v. Wheeling Dollar Sav. & Trust Co.*, 173 W. Va. 210, 314 S.E.2d 166 (W. Va.

10

1984)). Here, the redactions completely obscure any factual allegations concerning the business relations or expectancy with which Defendants purportedly interfered, as well as how Defendants are alleged to have interfered. Accordingly, the redacted Complaint fails to state a claim for tortious interference with a business relationship or expectancy.

### 5. **Plaintiffs fail to allege a claim for declaratory judgment (Count V).**

In Count V, Plaintiffs seek a declaratory judgment that the confession of judgment provisions in the loan documents violate due process. Compl. ¶ 134. Contrary to Plaintiffs' bald assertion, however, a confession of judgment provision contained in a note executed by a corporate debtor in favor of its corporate creditor does not violate due process. In 1972, the Supreme Court made clear that confession of judgment clauses, like the ones contained in the loan documents, are not "per se, violative of Fourteenth Amendment due process." *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 187 (1972). In reaching that conclusion, the Court found it persuasive that: (i) during the negotiations between sophisticated parties, counsel for each side participated in the negotiations; (ii) "[t]his [was] not a case of unequal bargaining power or overreaching;" and (iii) it was not a contract of adhesion. *Id.* at 183, 186. Thus, when there has been no showing of overreaching or unequal bargaining power, and negotiations between corporate parties have taken place with the advice of competent counsel, a party may knowingly, intelligently, and voluntarily waive the right to prejudgment notice and a hearing by executing a confession of judgment, as did the Defendants in this case.[5]

---

[5] There can be no real dispute that, in the civil judgment context, due process rights to notice and hearing prior to civil judgment are subject to waiver. *D.H. Overmyer*, 405 U.S. at 185 (citing *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311 (1964)); *see also Boddie v. Connecticut*, 401 U.S. 371, 378-79 (1971). Indeed, if individuals facing the deprivation of their personal liberty may waive the right to confront their accusers and be present at trial (*Illinois v. Allen*, 397 U.S. 337, 342-43 (1970); *Taylor v. United States*, 414 U.S. 17, 19 (1973)) or waive their right to the assistance of counsel under certain conditions without running afoul of constitutional and criminal due process considerations (*Patterson v. Illinois*, 487 U.S. 285, 292 (1988)), a more stringent due

Virginia has long permitted the enforcement of confessions of judgment. Va. Code § 8.01-435. Plaintiffs do not allege that Carter Bank failed to comply with any of the procedural requirements set forth in the statute, all of which are designed to preserve the debtor's due process rights.[6] The redacted Complaint fails to allege any facts demonstrating that the confession of judgment provisions in the pertinent loan documents (which, again, are not identified) are unconstitutional or unenforceable. And indeed, the allegation that Plaintiffs have no opportunity to present their valid defenses to the loan documents, Compl. ¶ 134, is simply false, as is evident from Plaintiffs' own allegation that confession of judgment proceedings are pending in the Circuit Court for the City of Martinsville, Virginia, wherein Plaintiffs have had the opportunity to assert their grounds for setting aside the confessions of judgment.

Finally, to the extent that the redacted Complaint seeks to void the loan documents on the grounds of "frustration" or "detrimental modification" – even assuming those made-up theories have any merit (and they do not), the redacted Complaint entirely blacks out any factual support for those claims leaving Plaintiffs with nothing more than unsupported legal conclusions. Accordingly, Count V should be dismissed.

## CONCLUSION

Simply put, the redacted Complaint does not allege facts sufficient for the Court to discern a cause of action, much less facts supporting the complex Counts pled in the redacted Complaint. Defendants therefore respectfully request that the Court dismiss the redacted Complaint.

---

process burden surely does not apply when determining whether civil defendants can waive their right to notice and hearing prior to entry of civil judgment regarding *property*.

[6] It is worth noting that Va. Code § 8.01-435 has been duly enacted statutory law in Virginia for more than fifty years and that no Virginia court has ever held that confessions of judgment that comply with Va. Code § 8.01-435 violate due process or are somehow unconstitutional.

12

Respectfully submitted,

**CARTER BANK & TRUST, et al.,**

By counsel,

*/s/ R. Booth Goodwin II*
R. Booth Goodwin II (W. Va. Bar No. 7165)
Carrie Goodwin Fenwick (W. Va. Bar No. 7164)
GOODWIN & GOODWIN LLP
300 Summers Street, Suite 1500
Charleston, West Virginia 24328
T: (304) 356-7000
F: (304) 344-9692
rbg@goodwingoodwin.com
*Counsel for Defendants*

John C. Lynch (WVSB # 6627)
Megan E. Burns (WVSB #13290)
Troutman Pepper Hamilton Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: john.lynch@trotuman.com
Email: megan.burns@troutman.com
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

GREENBRIER HOTEL CORPORATION, et al.,

    Plaintiffs,

v.

CARTER BANK & TRUST, et al.,

    Defendants.

Civil Action No. 5:23-cv-00731
Honorable Frank W. Volk, Judge

## CERTIFICATE OF SERVICE

I, R. Booth Goodwin II, hereby certify that I served a true and correct copy of the foregoing **Defendants' Memorandum in Support of Motion to Dismiss Redacted Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for Failure to State a Claim** upon the following counsel of record on January 16, 2024 via the Court's CM/ECF system.

Michael W. Carey
Steven R. Ruby
Raymond S. Franks II
David R. Pogue
Carey, Douglas, Kessler, & Ruby, PLLC
707 Virginia Street, East
901 Chase Tower
Charleston, WV 25301
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
dpogue@cdkrlaw.com
*Counsel for Plaintiffs*

    /s/ Carrie Goodwin Fenwick
    Carrie Goodwin Fenwick (WV Bar N0. 7164)